41034.00116-HBM

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**
Howard B. Mankoff, Esq. - ☎973-618-4118
Attorney I.D. No. 021971981
✉ hbmankoff@mdwcg.com
Pauline F. Tutelo, Esq. - ☎973-618-4146
Attorney I.D. No. 025961996
✉ pftutelo@mdwcg.com
425 Eagle Rock Avenue, Suite 302
Roseland, NJ 07068
📠973-618-0685
ATTORNEYS FOR DEFENDANT - Township of Toms River, New Jersey

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON**
**ELECTRONICALLY FILED**

| | |
|---|---|
| 1940 ROUTE 9, LLC | CASE NO.: 3:18-CV-08008-PGS-LHG |
| Plaintiffs | Civil Action |
| v. | |
| TOWNSHIP OF TOMS RIVER, NEW JERSEY | **ANSWER ON BEHALF OF DEFENDANT TOWNSHIP OF TOMS RIVER, NEW JERSEY** |
| Defendants | |

Defendant, Township of Toms River, New Jersey, by way of Answer to the Complaint, states:

**NATURE OF ACTION**

1. This is plaintiff's description of the plaintiff's allegations. To the extent the plaintiff means to imply in this paragraph that there are any facts which support the legal contentions, the allegations are denied

2. It is admitted that the plaintiff entered into a contract to purchase land for residential development. It is admitted that the North Dover neighborhood borders Lakewood Township which has a large Orthodox Jewish population. The defendant is without sufficient information to admit or deny the allegation that Orthodox Jews have been moving to North Dover neighborhood. It is denied that the defendant attempted to prevent the development of housing for Orthodox Jews by condemning the property through eminent domain.

3.      It is denied that there is a rising tide of anti-Semitism in Toms River. Toms River is a welcoming diverse community, which welcomes members of all faiths. The quotation attributed to Mayor Kelaher is taken out of context.

4. The defendant is without sufficient information to admit or deny the allegations concerning what has appeared on social media and news websites. The defendant denies that any municipal officials or members of the Zoning Board, were influenced by any of these alleged comments in decisions concerning land use. The defendant cannot control or suppress the speech of citizens.

5. The Township's actions were not motivated by religious animus and the Township denies that its actions have impeded the ability of Jews to move into the Township. The defendant denies that it has discriminated against Orthodox Jews by prohibiting the development of housing within Toms River because of religion.

2

## JURISDICTION AND VENUE

6. The defendant admits that actions brought pursuant to the statute cited in this paragraph give to the Federal Court jurisdiction as well as supplemental jurisdiction.

7. The defendant admits that venue is proper.

## PARTIES

8. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

9. Admitted.

## FACTUAL ALLEGATIONS

10. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

11. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

12. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

13. Admitted.

14. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

15. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

16. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

LEGAL/117173274.v1
FOLDER 4 - PLEADINGS

17.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

18.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

19.  Admitted.

20.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

21.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

22.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

23.  Denied.

24.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

25.  Admitted.

26.  Admitted.

27.  Denied.

## CONDEMNATION ACTION

28.  Admitted.

29.  Admitted.

30.  Admitted.

4

31.  It is admitted that the Town condemned the property to provide open space. It is denied that the Township Administrator stated that there is no immediate recreation need for the property.

32.  Denied.

33.  Admitted.

34.  Admitted.

35.  Admitted.

36.  It is admitted that the Township through its attorney made an offer to purchase the property. It is denied that the Township advised that unless the offer was accepted within fourteen (14) days it would use its power of eminent domain to acquire the property.

37.  Admitted.

38.  Admitted.

39.  Admitted.

40.  Admitted.

41.  Admitted.

42.  Admitted.

43.  Admitted.

44.  Admitted.

45.  Admitted.

46.  Admitted.

47.  Denied.

48.  Denied.

5

49.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

50.  Admitted.

51.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation. The defendant does not inquire as to the religion of developers who apply for the necessary permits to construct residential developments.

52.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

53.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

54.  Denied. Toms River is a diverse welcoming community and welcomes all faiths.

55.  Denied. The Township cannot control the speech of its residents. The Township has not based any of its land use decisions on alleged anti-semitic animus.

56.  This quote is taken out of context.

57.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

58.  Admitted.

59.  Denied.

60.  Here again, the quotation is taken out of context.

6

61. These quotations are taken out of context. To the extent the plaintiff means to imply that any of these quotations reflect anti-semitic animus on behalf of the Mayor, the allegation is denied.

62. It is admitted that in 2014, the Township of Toms River spent $1,514,730.00 to purchase 7.2 acres near the Lakewood border. The defendant is without sufficient information to admit or deny the allegation concerning how much Mr. Silverberg spent to purchase the property or what he intended to do with the property. It is admitted that in 2014, the land was re-zoned for residential use.

63. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

64. It is admitted that the Toms River Police Department spokesperson is accurately quoted. It is denied that the quotation can be interpreted to suggest that the police department did not interpret the incident to be an anti-semitic incident.

65. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

66. After reasonable investigation, the defendant lacks sufficient information to admit or deny the allegations concerning what was on local media websites. The defendant denies that any of its decisions were based on the comments allegedly on local media websites and denies that its decisions have been based on anti-semitic animus.

7

67.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

68.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

69.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

70.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

71.  It is admitted that in early 2016 the Mayor and Township Officials attended a community meeting. It is denied that the focus of the meeting was the movement of Orthodox Jews into Toms River.

72.  It is admitted that an anti-solicitaion ordinance was adopted in February of 2016. It is denied that its purpose was to prevent Orthodox Jews from moving to Toms River from Lakewood.

73.  To the extent the plaintiff means to imply that the No Knock stickers are evidence of anti-semitic animus, the allegation is denied.

74.  To the extent the plaintiff means to imply that the No Knock stickers are evidence of anti-semitic animus, the allegation is denied.

75.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

76.  Denied.

LEGAL/117173274.v1
FOLDER 4 - PLEADINGS

77.  Denied.

78.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

79.  After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

80.  This allegation is too vague for the defendant to respond.

81.  It is admitted that the non-binding referendum passed. To the extent the plaintiff means to imply that those who voted for the referendum were motivated by anti-semitic animus, the defendant, after reasonable investigation, lacks sufficient knowledge to respond to the allegation.

82.  It is admitted that there was a discussion concerning sewer capacity. To the extent the plaintiff means to imply that the concern about sewer capacity was motivated by anti-semitic animus, the allegation is denied.

83.  It is admitted that there was a discussion concerning the elimination of zoning for multi-family homes. To the extent the plaintiff means to imply that the consideration of the issue was motivated by anti-semitic animus, the allegation is denied.

84.  Denied.

85.  Denied.

9

86.    The  defendant  is  unable  to  respond  to  this  allegation because  it  is  not  clear  what  the  plaintiff  is  alleging  are  actions  of the defendant.

87.  Denied.

88.  Denied.

<u>**COUNT ONE**</u>

89.  The  answers  to  the  allegations  of  the  preceding  paragraphs are  repeated  as  if  set  forth  fully  at  length  herein.

90.  Denied.

91.  Denied.

92.  Denied.

WHEREFORE,  the  defendant  demands  judgment  dismissing  the Complaint  and  awarding  the  defendant  counsel  fees  and  costs  of  suit.

<u>**COUNT TWO**</u>

93.  The  answers  to  the  allegations  of  the  preceding  paragraphs are  repeated  as  if  set  forth  fully  at  length  herein.

94.  Denied.

WHEREFORE,  the  defendant  demands  judgment  dismissing  the Complaint  and  awarding  the  defendant  counsel  fees  and  costs  of  suit.

<u>**COUNT THREE**</u>

95.  The  answers  to  the  allegations  of  the  preceding  paragraphs are  repeated  as  if  set  forth  fully  at  length  herein.

96.  Denied.

10

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suit.

### COUNT FOUR

97. The answers to the allegations of the preceding paragraphs are repeated as if set forth fully at length herein.

98. Denied.

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suit.

### COUNT FIVE

99. The answers to the allegations of the preceding paragraphs are repeated as if set forth fully at length herein.

100. After reasonable investigation, the defendant is without sufficient information to admit or deny this allegation.

101. To the extent that there was in fact a contract, the defendant admits it was not a party to the contract.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Admitted.

WHEREFORE, the defendant demands judgment dismissing the Complaint and awarding the defendant counsel fees and costs of suit.

LEGAL/117173274.v1
FOLDER 4 - PLEADINGS

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint is barred by the applicable Statute of Limitations.

### Second Affirmative Defense

The Complaint is barred by the Doctrine of Laches.

### Third Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

The plaintiff has failed to mitigate its damages.

### Fifth Affirmative Defense

The plaintiff's damages, if any, should be diminished or barred by whatever sums the plaintiff has received from collateral sources.

### Sixth Affirmative Defense

The plaintiff's claim against the Township of Toms River is barred by the applicable provisions of the New Jersey Tort Claims Act, N.J.S. 29:9-1.

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Rule of Civil Procedure 11.2, I certify that this matter is not the subject of any other pending action in any court or any pending arbitration or administrative proceeding. I know of no other parties which should be joined in this action.

12

## <u>TRIAL COUNSEL DESIGNATION</u>

Howard B. Mankoff, Esq. is hereby designated as trial counsel for the defendant.

```
                              MARSHALL DENNEHEY WARNER COLEMAN
                              & GOGGIN
                              Counsel for Defendant
                              Township of Toms River, New Jersey


                                  /s/ Howard B. Mankoff
                              BY:_____
                                  HOWARD B. MANKOFF, ESQ.
Dated:    July 18, 2018
```

13