**STORZER & ASSOCIATES, P.C.**
Sieglinde Rath (SR7208)
Robin N. Pick, *admitted pro hac vice*
9433 Common Brook Road, Suite 208
Owings Mills, MD 21117
Tel: 202.857.9766
Fax: 202.315.3996
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 1940 ROUTE 9, LLC,<br><br>                              Plaintiff,<br><br>v.<br><br>TOWNSHIP OF TOMS RIVER, NEW JERSEY,<br><br>                              Defendant. | Civ. No. 3:18-cv-08008-PGS-LHG<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION TO BIFURCATE TRIAL PURSUANT TO FED. R. CIV. P. 42(b)**<br><br>Returnable 12/16/2019 |

Plaintiff 1940 Route 9, LLC and Defendant Township of Toms River, New Jersey (collectively "the Parties") jointly move this Court pursuant to Federal Rule of Civil Procedure 42(b) for an Order granting bifurcation of this litigation into two distinct phases. The first phase will focus exclusively on whether Defendant is liable for the claims asserted in Plaintiff's Complaint (Dkt. # 1). If liability is established on any of the claims in Plaintiff's Complaint, the second phase will focus exclusively on damages.

1

**INTRODUCTION**

This case presents complex issues of religious discrimination in land use pursuant to the United States Constitution, the Fair Housing Act ("FHA"), the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and New Jersey law arising from the condemnation of approximately 35 acres of property that Plaintiff was under to contract to purchase, and planned to develop with both residential and commerical uses. A bifurcated case would both simplify and expedite the resolution of this matter, as it is anticipated that damages will be a substantial and complicated component of the litigation. *See* Declaration of Sieglinde K. Rath ¶ 3 ("Rath Dec."). In its initial disclosures, Plaintiff asserted damages from lost profits in the tens of millions, and litigating same will likely involve complex issues and multiple experts for both parties. *Id*. at ¶ 4, Exh. A; ¶ 5. Bifurcation will save the Court and the Parties from litigating complex damages issues before liability is established, which will reduce significant time and expense. Then, only if liability is established, will litigation of damages be necessary. Ultimately, bifurcation of this case would simplify matters for a jury and promote efficiency and economy in litigation.

I. **This Court Should Bifurcate the Litigation Into Liability and Damages Phases.**

    A. <u>Legal Standard</u>

Bifurcation is governed by Federal Rule of Civil Procedure 42(b) which provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b).

When making this determination, "no single factor [] is determinative[.]" *Depomed Inc. v. Purdue Pharma L.P.*, No. CIV.A. 13-571 JAP, 2013 WL 6190380, at *7 (D.N.J. Nov. 26, 2013). Further, "[w]hen considering whether to bifurcate, courts should consider whether (a) there will be overlap in testimony and evidence between the two proceedings, (b) the issues to be decided at trial are complex and the factfinder is likely to become confused, (c) bifurcation will promote settlement, and (d) a single trial will cause unnecessary delay." *Glennon v. Wing Enters., Inc.*, No. CIV.A. 10-0324 JAP, 2010 WL 4782773, at *14 (D.N.J. Nov. 17, 2010) (internal quotation marks omitted).

The factors the Court should pay particular attention to here are complexity, expediency and economy, as discussed *infra*. *Wyeth v. Abbott Labs.*, No. CIV.A. 08-230 JAP, 2010 WL 4553545, at *2 (D.N.J. Nov. 3, 2010) (bifurcating a trial between liability and damages when "[t]he issues to be addressed in the damages phases are . . . highly complex" and "[b]ifurcation will allow the jury to focus on the complicated issues of [liability] without simultaneously having to consider evidence relating to various theories of damages"); *Princeton Biochemicals Inc. v. Beckman Instruments Inc.*, 180 F.R.D. 254, 258 (D.N.J. 1997), *dismissed*, 185 F.3d 878 (Fed. Cir. 1998) ("[T]he jury will likely be required to process volumes of exhibits, including diagrams, drawings, documents, models, as well as trial testimony, on the issue of liability alone. This task would surely be overwhelming to even the most sophisticated jurors. As such, the complexity of the liability issues as well as the resulting potential threat of prejudice due to jury confusion, present a controversy ripe for bifurcation.").

    B. <u>The Complexity of the Issues Warrants Bifurcation.</u>

Here, the issue of Plaintiff's damages is complex. Plaintiff is claiming tens of millions of dollars in damages in lost profits caused by Defendant's actions. Rath Dec. ¶ 4. The lost profits are for a large multi-use development that would have had residential sales of more than 80 townhomes, and residential rentals related to a proposed apartment building, as well as profits from commercial development. Dkt. #1 ¶¶ 14, 17-20. Plaintiff estimates that damages will likely require expert reports and testimony from four different experts on the issue of lost profits alone. Rath Dec. ¶ 5. Defendants will likely need multiple experts of their own in response. If Plaintiff does not establish liability during the liability phase, there will be no need to waste judicial resources, as well as the Parties' resources litigating damages.

The issue of liability is complex in and of itself and involves a complicated factual history and lesser known concepts of religious discrimination in the context of land use and zoning laws, as well as in the fair housing context. *Reaching Hearts Int'l, Inc. v. Prince George's Cty.*, 478 F. App'x 54, 59 (4th Cir. 2012) ("there are significant distinctions between 'civil rights cases' in general . . . and a RLUIPA case like this one, which was much more involved and complicated than a typical 'civil rights' case and more akin to complex civil litigation."); *Rocky Mountain Christian Church*, 2010 WL 3703224, at *3 (finding that ("[t]his case involved complex issues of constitutional law and the intersection of those issues with local land use law. This complexity [is] enhanced by the overlay of the RLUIPA on those constitutional issues."). Under *Wyeth* and *Princeton*, the complexity of both liability and damages warrants bifurcation. Since bifurcation will obviate the need to try the issue of damages should the jury find for the Defendant, bifurcation supports the expeditious and economical resolution of this matter.

## CONCLUSION

For these reasons, both parties respectfully request that this Court grant this joint motion for the bifurcation of the litigation into liability and damages phases.

Dated: November 22, 2019

**MARSHALL DENEHEY WARNER COLEMAN & GOGGIN**
By: /s/ Howard B. Mankoff
Howard B. Mankoff (021971981)
425 Eagle Rock Ave., Suite 302
Roseland, NJ 07068
Tel: 973.618.4118

*Attorney for Defendant*

Respectfully Submitted,

**STORZER & ASSOCIATES, P.C.**
By: /s/ Sieglinde K. Rath
Sieglinde K. Rath (SR7208)
Robin Pick, *admitted pro hac vice*
9433 Common Brook Road
Suite 208
Owings Mills, MD 21117
Suite 208
Tel: 202.857.9766
Fax: 202.315.3996

*Attorneys for Plaintiff*