# STORZER & ASSOCIATES

## A PROFESSIONAL CORPORATION

ROMAN P. STORZER
————
SIEGLINDE K. RATH*
BLAIR LAZARUS STORZER**
ROBIN N. PICK***
SARAH E. CHILD****
  \* Admitted in Maryland & N.J.
 \*\* Admitted in D.C., Maryland & Illinois
\*\*\* Admitted in California & Maryland
\*\*\*\*Admitted in D.C. & N.Y

OF COUNSEL
ROBERT L. GREENE†
JOHN G. STEPANOVICH††

 † Admitted in N.Y.
†† Admitted in Virginia, N.Y. & Ohio (inactive)

1025 CONNECTICUT AVENUE, NORTHWEST
SUITE ONE THOUSAND
WASHINGTON, D.C. 20036

(202) 857-9766
FACSIMILE: (202) 315-3996

WWW.STORZERLAW.COM

BALTIMORE OFFICE:

9433 COMMON BROOK ROAD
SUITE 208
OWINGS MILLS, MD 21117

(410) 559-6325
FACSIMILE: (202) 315-3996

January 16, 2020

**VIA ECF**

Hon. Lois H. Goodman, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

> *Re:*     *1940 Route 9 LLC  v. Township of Toms River*
> Case No.: 3:18-cv-08008-PGS-LHG

Your Honor:

The undersigned represents Plaintiff 1940 Route 9, LLC in the above-referenced matter.  Per your instructions during the December 10, 2019 status conference, I am writing to inform you of Defendant's continuing discovery deficiencies that have not been resolved, despite the Court's Order of December 13, 2019.  This recent Order states that "Defendant is ordered to provide substantive responses to Plaintiff's written requests, as well as produce documents and ESI, by no later than January 3, 2020 or risk sanctions in light of Defendant's failure to comply with the Court's prior discovery order."

To date, Defendant has not provided any Electronically Stored Information ("ESI") or Responses to Requests for Production of Documents ("RPDs"), and has provided only 18 documents (as detailed below), despite agreeing to collect documents from 16 custodians and to use 61 search terms in its collections.  As further detailed below, Defendant has failed to provide any documents responsive to many of Plaintiff's document requests, and has not produced a privilege or redaction log.  The documents that Defendant did provide do not conform to the parties' agreed-upon ESI protocols as set forth in the Parties' Joint Discovery Stipulation and Order.  (Dkt. #25-1, 32.)  Additionally, Defendant has failed to provide substantive responses to multiple interrogatories and provided deficient responses to others.

The chronology of events is as follows:

- On July 12, 2019, Plaintiff served Interrogatories and RPDs upon Defendant.

- On July 15, 2019, Defendant served its discovery requests upon Plaintiff.

- On August 5, 2019, Plaintiff sent Defendant a proposed ESI order and proposed custodians and search terms.

- On August 12, 2019 the parties agreed to a two-week extension of the deadline to respond to discovery requests, agreeing to provide discovery responses on August 26, 2018.

- On August 26, 2019, Plaintiff served its responses to interrogatories and requests for production of documents.

- After multiple requests for Defendant's edits to the proposed ESI Order and consent to file, the proposed ESI Order was filed on September 23, 2019.

- On September 19, 2019, this Court ordered Defendant to produce responsive documents and discovery responses no later than September 27, 2019.

- On September 27, 2019, Plaintiff produced its First Document Production to Defendant.

- On September 27, 2019, Defendant notified Plaintiff that they anticipate having discovery responses by the following week.

- Defendant did not serve discovery responses the following week.

- Plaintiff followed up with Defendant on October 17, 2017 about outstanding discovery.

- On October 25, 2019, counsel for Plaintiff and Defendant conferred about the outstanding discovery.  At that time, Mr. Mankoff represented that Defendant will provide all outstanding discovery to Plaintiff "next week."

- On November 8, 2019, Defendant provided its "first production of documents" which included only 13 documents and no ESI.  They did not produce any interrogatory responses or responses to Plaintiff's RPDs.

- On December 9, 2019, Defendant provided boilerplate non-substantive "responses" to Interrogatories, in advance of the call with the Court the following day.

- On December 10, 2019, a status conference was held in which the outstanding discovery was discussed.  Your Honor set a new deadline of January 3, 2020 for all responses to written discovery and production of all documents including ESI.

- On December 13, 2019, the Court ordered Defendant "to provide substantive responses to Plaintiff's written requests, as well as produce documents and ESI, by

2

no later than January 3, 2020 or risk sanctions in light of Defendant's failure to comply with the Court's prior discovery order."

- Defendant has not provided <u>any</u> written responses to Plaintiff's requests for production of documents.

- On December 30, 2019 Defendant served interrogatory answers in which many were unanswered, incomplete or deficient.  Two examples are as follows:

> PLAINTIFF'S INTERROGATORY NO. 16: Please identify all multifamily developments, including townhouses, apartments and condominiums, that have received land use approvals, including but not limited to variance, subdivision, or site plan approval, in the North Dover area of Toms River in the last ten years. For each development identified, please provide the name of the development, address of the development, name of applicant, and date that approval was granted.

>> DEFENDANT'S ANSWER: Objection. This interrogatory is overly broad and unduly burdensome. Without waiving this or any other objection, and in an effort to be responsive, <u>counsel is referred to documents produced in response to plaintiffs' Notice to Produce</u>.[1] (Emphasis added.)

> PLAINTIFF'S INTERROGATORY NO. 6: Please list all communications, including emails, between or among the Township, Township Council, and any of the Township's bodies, boards, officials, officers, members, employees, consultants, contractors, agents, and representatives, Township Staff, and any other Persons acting or purporting to act on behalf of the Township, the Plaintiff, or any third parties relating to the Plaintiff's proposed use of the Subject Property. For each such communication, please state the names of all parties to such communications, the substance of the communication, and the approximate date of such communications.

>> DEFENDANT'S ANSWER: Objection. This interrogatory is overly broad, unduly burdensome, and seeks privileged communications. Without waiving these or any other objections and in an effort to be responsive,

---

[1] No documents responsive to this interrogatory were included in Defendant's small document production.  Additionally, although Federal Rule of Civil Procedure 33(d) allows a party to answer an interrogatory by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," and "giving the interrogating party a reasonable opportunity to examine . . . the records," Defendant did not specify documents by Bates numbers or provide Plaintiff with an opportunity to examine the relevant documents.

counsel is referred to the documents produced by the Township in this matter. Counsel is further referred to the following:

Numerous documents were produced, many of which contain confidential communications protected by the attorney-client privilege. <u>Counsel is referred to documents produced in response to plaintiff's Notice to Produce.</u>[2] (Emphasis added.)

- On December 27, 2019, Defendant produced 5 documents and no ESI. Defendant has produced 18 documents in total as shown in the chart below. To date, <u>Defendant has not produced any ESI.</u>

- Additionally, documents were not provided with respect to many of Plaintiff's requests for documents. These include requests for documents related to: Plaintiff's proposed development of the Subject Property (Request No. 6); approvals for multifamily developments in the North Dover area of the Township, where the subject property is located (Request No. 10); approvals for townhouses and single-family subdivisions in North Dover (Request 11); approvals for certain housing developments, including Gabrielle Run, Hickory Pines, Riverwood Chase and Autumn Ridge Apartments (Request No. 12); Jews moving to Toms River (Request 22); the Orthodox Jewish community in Lakewood, N.J. (Request No. 23); the "Toms River Strong" movement (Request No. 25); Chabad of Toms River, which had prior litigation against the Township (Request No. 33); the Township Mayor's comments about Jews moving to Toms River (Request No. 36); anti-Semitic incidents in Toms River including recent anti-Semitic graffiti (Request No. 37); a councilmember's suggestion to conduct a sewer capacity study and impose a moratorium on new development (Request No. 29); the proposal to eliminate zoning for multifamily homes in North Dover (Request No. 30); and even the current version of the Township Code (Request No. 20). Although there is no question that the Township must possesses responsive documents to most if not all of these requests, the lack of any written response to Plaintiff's document requests as well as the lack of a privilege log renders it impossible to know whether the Township claims that it does not have, for example, a copy of its own Code, whether it considers such documents privileged, or whether it is simply ignoring the requests.

What the Defendants have produced is the following:

| | **DEFENDANT'S DOCUMENT PRODUCTION** | | | |
|---|---|---|---|---|
| | **File Name** | **Bates Range** | **Description of Document** | **Page Count** |

---

[2] Again, no documents responsive to this interrogatory were produced by Defendant and Defendant has provided no Bates numbers specifying which documents are purportedly responsive to this interrogatory.

| 1. | TWP000001.pdf | TWP000001-TWP000170 | Appraisal reports | 170 |
|---|---|---|---|---|
| 2. | TWP000171.pdf | TWP000170-TWP000403 | PDF of documents related to anti-solicitation efforts | 233 |
| 3. | TWP000404.pdf | TWP000404-TWP000477 | PDF of documents related to two properties purchased by Toms River | 74 |
| 4. | TWP000478.pdf | TWP000478-TWP000632 | Ordinance, Resolutions and an Appraisal related to the taking of the Subject Property | 155 |
| 5. | TWP000633.pdf | TWP000633-TWP000785 | Township Master Plan | 153 |
| 6. | TWP000786.pdf | TWP000786-TWP000932 | Township Stormwater Management Plan | 147 |
| 7. | TWP000933.pdf | TWP000933-TWP000999 | Amendments to the Township's Master Plan | 67 |
| 8. | TWP001001.pdf | TWP001001-TWP001081 | Amendments to the Township's Master Plan | 81 |
| 9. | TWP001083.pdf | TWP001083-TWP001085 | Township's Insurance Policy | 3 |
| 10. | TWP001086.pdf | TWP001086 | Township Resolution censuring Dan Rodrick | 1 |
| 11. | TWP001088.pdf | TWP001088-TWP001109 | Letter and Facebook posts related to the resignation of Heather Barone | 22 |
| 12. | TWP001111.pdf | TWP001111 | One campaign flyer | 1 |
| 13. | TWP001112.pdf | TWP001112 | One campaign flyer | 1 |
| 14. | TWP001113.pdf | TWP001113-TWP001297 | PDF of Township documents related to the taking of the Guttman and Boynton properties including appraisal | 185 |
| 15. | TWP001298.pdf | TWP001298-TWP001551 | PDF of Township documents and appraisals related to taking of Huppert and subject properties, and emails that are almost entirely redacted | 254 |
| 16. | TWP001552.pdf | TWP001552-TWP001757 | PDF of Township documents and appraisal related to taking of Huppert and subject properties, and emails which are almost entirely redacted | 206 |

| 17. | TWP001758.pdf | TWP001758 - TWP002144 | PDF of various documents including Master Plan Update and Reexamination Reports, Planning Board and Council Land Uses minutes, Ordinance, and Resolutions | 387 |
|---|---|---|---|---|
| 18. | TWP002145.pdf | TWP002145 - TWP002159 | PDF of emails that are all redacted | 15 |

In sum, Plaintiff has not received the vast majority of the documents requested including all ESI, any written responses to Plaintiff's RPDs and substantive and/or complete responses to many Interrogatories, despite two Court orders and months of trying to obtain the required discovery. As a result, Plaintiff continues to be unable to move forward with discovery, schedule depositions and litigate this case.

Plaintiff respectfully requests that your Honor impose sanctions, including attorney's fees, on Defendant, as indicated in the December 13, 2013 Order and pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). As Plaintiff has been unable to obtain meaningful discovery from Defendant in this litigation, Plaintiff requests that designated facts be taken as established for purposes of the action pursuant to Federal Rule 37(b)(2)(A)(i). Specifically, Plaintiff requests that the following facts be taken as established for purposes of this action:

- Discriminatory animus toward Orthodox Jews was a motivating factor behind Defendant's acquisition of the Subject Property, as defined in Plaintiff's Complaint ¶ 12. (Dkt. #1.)

- Defendant's acquisition of the Subject Property by eminent domain was motivated, at least in significant part, by the desire to prevent Orthodox Jews from moving to Toms River.

Respectfully submitted,

Robin Pick

Robin Pick, Esq.
*Counsel for Plaintiff*

cc:     All counsel of record via ECF

2