# MARSHALL DENNEHEY
## WARNER COLEMAN & GOGGIN

ATTORNEYS-AT-LAW    WWW.MARSHALLDENNEHEY.COM

A PROFESSIONAL CORPORATION

425 Eagle Rock Avenue, Suite 302, Roseland, NJ 07068
(973) 618-4100   Fax  (973) 618-0685
*Justin F. Johnson, Resident Managing Attorney*

Direct Dial:  (973) 618-4118
Email:  hbmankoff@mdwcg.com

PENNSYLVANIA          OHIO
Allentown              Cincinnati
Doylestown             Cleveland
Erie
Harrisburg             FLORIDA
King of Prussia        Ft. Lauderdale
Philadelphia           Jacksonville
Pittsburgh             Orlando
Scranton               Tampa

NEW JERSEY             NEW YORK
Mount Laurel           Long Island
Roseland               New York City
                       Westchester
DELAWARE
Wilmington

January 22, 2020

**VIA ELECTRONIC FILING**

Hon. Lois H. Goodman, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

  RE: 1940 Route 9, LLC v. Township of Toms River
     Claim No.: QM-0456
     Insured: Township of Toms River
     Docket No.: 3:18-cv-08008-PGS-LHG
     Our File No.: 41034.00116

Dear Judge Goodman:

  I represent the defendant, the Township of Toms River, in the above-referenced matter. I write in response to plaintiffs' letter of January 16, 2020 regarding the discovery in this matter.

  As an initial matter, plaintiffs' letter misrepresents the totality of defendant's discovery production to date. While plaintiffs represent that defendant has only produced eighteen documents, defendant had, as of the date of plaintiffs' letter, produced over two thousand pages of documents responsive to plaintiffs' demands. These documents were produced as a result of the Township attorney's good faith effort in reviewing plaintiffs' document demands, many of which are either duplicative or vague in nature, and providing documents responsive to same.

  Defendant has also since provided plaintiffs with a privilege log and written response to plaintiffs' document demands. Additionally, defendant will be providing plaintiffs with a third production of documents

Hon. Lois H. Goodman, U.S.M.J.
January 22, 2020
Page 2

_____

consisting of another approximately eight hundred pages of documents.  This production has been delayed as a result of technical difficulties with our document production software, which we are working to rectify.  We have communicated same to plaintiffs, and will be making this production in the immediate future.  Defendant will also be making a good faith search for any additional documents, and will produce same if it is determined they exist.

As to the ESI issue, due to the large volume of documents contained on the Township server, complying with this demand has necessitated that defendant hire a third-party vendor to obtain what will be a large volume of documents.  Plaintiffs have also served numerous Subpoenas in this matter, the documents of which must also be obtained through a third-party vendor.  These demands require not only coordination with vendors, but also with former public officials to obtain the documents sought by plaintiffs.  These documents must then be reviewed for privilege prior to production to plaintiffs, which, due to the large volume of documents and practical consequences of obtaining same, will take longer than defendant initially anticipated.

Based on the above, as defendant has been working to comply with plaintiffs' demands, we respectfully ask that the Court not impose sanctions as defendant is working in good faith to comply with its discovery obligations in this matter.

Respectfully,

*/s/ Howard B. Mankoff*

Howard B. Mankoff

HBM:lt
cc:  Robin Pick, Esq. (via ECF)
     Roman Storzer, Esq. (via ECF)
     Paul V. Fernicola, Esq. (via ECF)

LEGAL/127488385.v1