# STORZER & ASSOCIATES

A PROFESSIONAL CORPORATION

ROMAN P. STORZER

SIEGLINDE K. RATH*
BLAIR LAZARUS STORZER**
ROBIN N. PICK***
SARAH E. CHILD****
 \* Admitted in Maryland & N.J.
 \*\* Admitted in D.C., Maryland & Illinois
 \*\*\* Admitted in California & Maryland
\*\*\*\* Admitted in D.C. & N.Y

OF COUNSEL
ROBERT L. GREENE†
JOHN G. STEPANOVICH††

 † Admitted in N.Y.
 †† Admitted in Virginia, N.Y. & Ohio (inactive)

1025 CONNECTICUT AVENUE, NORTHWEST
SUITE ONE THOUSAND
WASHINGTON, D.C. 20036

(202) 857-9766
FACSIMILE: (202) 315-3996

WWW.STORZERLAW.COM

BALTIMORE OFFICE:

9433 COMMON BROOK ROAD
SUITE 208
OWINGS MILLS, MD 21117

(410) 559-6325
FACSIMILE: (202) 315-3996

February 18, 2020

**VIA ECF**

Hon. Lois H. Goodman, U.S.M.J.
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street, Room 2020
Trenton, NJ 08608

  Re: *1940 Route 9 LLC  v. Township of Toms River*
    Case No.: 3:18-cv-08008-PGS-LHG

Dear Judge Goodman,

  The undersigned represents Plaintiff 1940 Route 9, LLC in the above-referenced matter. Per the Court's Text Order of January 24, 2020, I am writing to update the Court on the status of discovery and to renew Plaintiff's request for sanctions.

  Despite the most recent court-ordered deadline of February 7, 2020, Defendant still has not produced <u>any</u> ESI.  As previously detailed in Plaintiff's letter to the Court dated January 16, 2020 (Dkt. #33), Defendant has ignored a series of Court-imposed discovery deadlines, and continues to do so despite the threat of sanctions.  In fact, Defendant has missed two Court-ordered deadlines[1] since the Court ordered that Defendant must produce its documents and ESI "or risk sanctions in light of Defendant's failure to comply with the Court's prior discovery order."

  Although Defendant represented that there would be a large volume of ESI (Dkt. #34), Defendant has produced none of it.  To date, Defendant has provided only 22 documents, totaling

---

[1] January 3, 2020 and February 7, 2020.

2,999 pages, despite agreeing to collect documents from 16 custodians[2] and use 61 search terms in its collections. The metadata from the documents that have been produced indicates that no documents have yet been produced from any of the 16 agreed-upon custodians. Defendant has also failed to provide any documents responsive to many of Plaintiff's document requests.[3] Further, the documents that Defendant did provide do not conform to the parties' agreed-upon production protocols as set forth in the Parties' Joint Discovery Stipulation and Order. (Dkt. #25-1, 32.) Additionally, Defendant has failed to provide substantive responses to multiple Interrogatories and provided deficient responses to others.

Plaintiff has written three letters to the Court about Defendant's discovery deficiencies in addition to contacting Defendant directly on multiple occasions. On December 5, 2019, Plaintiff filed a letter with the Court detailing Defendants' discovery deficiencies and requesting permission to file a motion to compel. (Dkt. #28.) On January 16, 2020, Plaintiff filed a letter with the Court detailing Defendant's discovery deficiencies and requesting sanctions. (Dkt. #33.) Plaintiff now writes to the Court in light of Defendant's ongoing deficiencies to renew its request for sanctions.

Defendant has violated at least three Court Orders despite the threat of sanctions. On September 19, 2019, this Court ordered Defendant to produce responsive documents and discovery responses no later than September 27, 2019. (Dkt. #23.) On December 13, 2019, this Court ordered Defendant "to provide substantive responses to Plaintiff's written requests, as well as produce documents and ESI, by no later than January 3, 2020 <u>or risk sanctions in light of Defendant's failure to comply with the Court's prior discovery order</u>." (Emphasis added) (Dkt. # 29.) On January 24, 2020, the Court issued a text Order granting Defendant another two weeks (until February 7, 2020) to produce documents and ESI. (Dkt. # 35.)

The outstanding discovery is now almost <u>five</u> months late. Defendant's dilatory conduct has severely prejudiced Plaintiff, wasted the Court's time and resources, caused Plaintiffs to incur significant additional expenses, and continues to prevent Plaintiff from moving forward with discovery, scheduling depositions and litigating this case.

Plaintiff respectfully renews its request that the Court impose sanctions, including attorney's fees, on Defendant, as indicated in the December 13, 2013 Order and pursuant to Federal Rule of Civil Procedure 37(b)(2)(A). As Plaintiff has been unable to obtain meaningful discovery from Defendant in this litigation, Plaintiff requests a default judgment against Defendant pursuant

---

[2] Defendant agreed to collect documents from the following custodians: Thomas F. Kelaher, Brian Kubiel, Alfonso Manforti, Maurice Hill, George Wittman, Maria Maruca, Jeff Carr, Kevin Geoghegan, Jay Lynch, Terrance Turnbach, Laurie Huryk, Daniel Rodrick, Heather Barone, Kenneth Fitzsimmons, Paul J. Shives and Donald A. Guardian.

[3] These document requests include requests related to: approvals for multifamily developments in the North Dover area of the Township, where the subject property is located (Request No. 10); approvals for townhouses and single-family subdivisions in North Dover (Request No. 11); approvals for certain housing developments, including Gabrielle Run, Hickory Pines, Riverwood Chase and Autumn Ridge Apartments (Request No. 12); the "Toms River Strong" movement (Request No. 25); a councilmember's proposal for a sewer capacity study and moratorium on new development (Request No. 29); the proposal to eliminate zoning for multi-family homes (Request No. 30); Chabad of Toms River, which had prior litigation against the Township based on anti-Semitic animus (Request No. 33); and the Township Mayor's comments about Jews moving to Toms River (Request No. 36).

to Rule 37(b)(2)(A)(vi). *See Gov't Employees Ins. Co. v. Zuberi*, No. CV 15-4895 (JLL), 2017 WL 4790383, at *6 (D.N.J. Oct. 23, 2017) ("Defendants were given more than ample opportunity to cure their discovery deficiencies to no avail. In other words, Defendants have no one to blame but themselves. Accordingly, the culpable conduct factor greatly weighs in favor of granting default judgment in favor of Plaintiffs."); *Howard Johnson Int'l, Inc. v. Kil Su Kim*, No. CIV. 11-3438 JLL, 2012 WL 6568438, at *4 (D.N.J. Dec. 17, 2012), *report and recommendation adopted*, No. CIV.A. 11-3438 JLL, 2013 WL 56826 (D.N.J. Jan. 3, 2013) ("The defendants' conduct has stalled this entire litigation for months. Accordingly, the Undersigned finds that it is appropriate to strike defendants' Answer and Counterclaims, and to enter default judgment for plaintiff.").

In the alternative, Plaintiff requests that designated facts be taken as established for purposes of this Action pursuant to Federal Rule 37(b)(2)(A)(i). Specifically, Plaintiff requests that the following facts be taken as established for purposes of this Action:

- Discriminatory animus toward Orthodox Jews was a motivating factor behind Defendant's acquisition of the Subject Property, as defined in Plaintiff's Complaint ¶ 12. (Dkt. #1.)

- Defendant's acquisition of the Subject Property by eminent domain was motivated, at least in significant part, by the desire to prevent Orthodox Jews from moving to Toms River.

Respectfully submitted,

Robin N. Pick
*Counsel for Plaintiff*

cc: Howard Mankoff (via ECF)
Paul Fernicola (via ECF)
Sieglinde Rath (via ECF)