# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**LOIS H. GOODMAN**<br>UNITED STATES MAGISTRATE JUDGE | CLARKSON S. FISHER U.S. COURTHOUSE<br>402 EAST STATE STREET<br>ROOM 7050<br>TRENTON, NJ 08608<br>609-989-2114 |

May 25, 2021

## LETTER ORDER

Re:  **1940 Route 9, LLC, v. Township of Toms River, New Jersey,**
     **Civil Action No. 18-8008 (PGS) (LHG)**

Dear Counsel:

Presently pending before the Court is a Motion to Compel Discovery and for Sanctions Pursuant to Federal Rule of Civil Procedure 37 ("Motion to Compel" or "Motion") [Docket Entry No. 52], filed by Plaintiff 1940 Route 9, LLC. Accompanying the Motion is Plaintiff's Memorandum in Support of Plaintiff's Motion to Compel ("Brief in Support") [Docket Entry No. 52-1]. Defendant Township of Toms River filed its Opposition to Plaintiff's Motion to Compel ("Opposition to Motion") [Docket Entry No. 55]. Plaintiff then filed a Reply Memorandum ("Reply") [Docket Entry No. 60], with leave of Court. *See* [Docket Entry No. 59]. At the Court's request, both parties filed supplemental letters to update the Court on the status of the discovery issues at the heart of the pending Motion. [Docket Entry Nos. 63, 64, 65]. For the reasons that follow, the Court denies the Motion to Compel in its entirety, without prejudice.

The parties are familiar with the underlying facts and procedural history of this case, and the Court therefore includes only those facts necessary to provide context for this Order.

Plaintiff served discovery requests and subpoenas on Defendant on or about July 12, 2019 and December 24, 2019, respectively. Declaration of Robin N. Pick, in Support of Motion to Compel ("Pick Decl.") [Docket Entry No. 52-3], ¶¶5–6, 13–14, Exs. A, B, E, E-1. Between December 2019 and October 2020, Plaintiff repeatedly raised with the Court various deficiencies with Defendant's discovery responses and production and sought leave to file a motion. *See, e.g.,* [Docket Entry Nos. 28, 33, 36, 50]. Defendant, however, maintained that it was working in good faith to comply with Plaintiff's requests. *See, e.g.,* [Docket Entry Nos. 34, 39]. During that time period, the Court held numerous conferences, which resulted in the issuance of several scheduling orders setting deadlines for Defendant to fully respond to Plaintiff's discovery requests. *See, e.g.* [Docket Entry Nos. 23, 29, 35, 38, 47, 48]. On September 28, 2020, the Court ordered the parties to meet and confer as to any remaining discovery issues, and gave Plaintiff leave to file a motion if Defendant was not complying with the order. [Docket Entry No. 48]. Plaintiff was to advise the Court by October 9, 2020, as to the status of the outstanding discovery and whether Plaintiff intended to file a motion to compel and for sanctions. [Docket Entry No. 48]. On October 8, 2020, Plaintiff advised that it intended to file a motion to compel and for sanctions because deficiencies remained. [Docket Entry No. 50].

*1940 Route 9, LLC, v. Township of Toms River, New Jersey*
Page 2 of 3

Plaintiff now moves to compel the production of all nonprivileged documents responsive to its written discovery requests and subpoenas, and to compel complete answers to its interrogatories. Brief in Support at 13–34. Plaintiff also moves for fees and sanctions based on Defendant's failure to comply with court-ordered deadlines and its discovery obligations. Brief in Support at 35–38. Defendant opposes the Motion, maintaining that it has made a good faith effort to fully respond to Plaintiff's discovery requests and continues to work with Plaintiff to resolve any remaining issues. Opposition to Motion at 8–12. Accordingly, Defendant maintains that fees and sanctions are inappropriate, and Plaintiff's Motion should be denied. Opposition to Motion at 12–14. In Reply, Plaintiff contends, *inter alia*, that relief should be granted because, despite Plaintiff's best efforts to meet and confer with Defendant regarding the outstanding discovery issues, deficiencies remain. Reply at 5–12. Given the delays in obtaining this discovery, Plaintiff alleges that its ability to litigate the matter has been hindered. Sanctions are therefore appropriate. Reply at 12.

On April 27, 2021, the Court requested that the parties each provide an update as to the status of the discovery issues raised in Plaintiff's Motion to Compel. In their supplemental submissions, the parties acknowledge the significant progress they have made and indicate that they are continuing to work together to narrow the scope of any remaining issues. *See* [Docket Entry Nos. 63, 64, 65]. Specifically, the parties have exchanged multiple versions of the privilege log and are continuing to narrow the number of documents in dispute, Defendant has produced supplemental interrogatory answers addressing the deficiencies identified in Plaintiff's Motion, and Defendant has made an initial production of documents in response to Plaintiff's subpoenas and is continuing to supplement the production. *See* [Docket Entry Nos. 63, 64, 65]. Despite the progress, Plaintiff maintains that sanctions should nevertheless be awarded because Defendant's discovery responses are still incomplete and Plaintiff has been prejudiced by the significant delays, particularly in light of the death of one of the individuals served with subpoenas. [Docket Entry No. 64], at 2.[1] Defendant meanwhile contends that Plaintiff's request for sanctions is premature given that the parties are still meeting and conferring in an effort to resolve the remaining discovery disputes. [Docket Entry No. 65], at 2.

It is apparent that the parties are actively engaged in trying to settle the outstanding discovery issues without the Court's intervention. While the Court is cognizant of the delays resulting from Defendant's failure to timely provide discovery, the Court also recognizes that these are not ordinary times, given the pandemic and its impact, and that Defendant has made substantial progress. The undersigned therefore finds it premature to rule on Plaintiff's Motion at this juncture and based on what appears now to be an outdated record.

---

[1] Plaintiff's supplemental submission does not include page numbers. Accordingly, this Order utilizes the stamped CM/ECF page numbers at the top of each page when citing this document.

*1940 Route 9, LLC, v. Township of Toms River, New Jersey*
Page 3 of 3

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion to Compel [Docket Entry No. 52] is denied without prejudice. The Court intends to conference this case shortly and address any remaining unresolved discovery issues.

**IT IS SO ORDERED.**

**LOIS H. GOODMAN**
**United States Magistrate Judge**