## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| 1940 ROUTE 9, LLC,<br><br>               Plaintiff,<br><br>      v.<br><br>TOWNSHIP OF TOMS RIVER, NEW JERSEY,<br><br>              Defendant. | Civil Action No. 18-8008 (PGS) (RLS)<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

SINGH, United States Magistrate Judge.

**PRESENTLY** before the Court is a Motion by Plaintiff 1940 Route 9, LLC ("Plaintiff"), seeking to compel a continued deposition of Defendant Township of Toms River, New Jersey ("Defendant" or "Township") pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 104). Defendant opposes the Motion, to which Plaintiff has replied. (Doc. No. 105, 108). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rules 37.1(b)(4) and 78.1(b). For the reasons set forth herein, the Court **DENIES** the Motion.

## I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY

As the parties are familiar with this matter, the Court only sets forth herein the background relevant to the instant Motion. Plaintiff initiated this action on April 18, 2018, alleging Defendant improperly used its eminent domain power to prevent Plaintiff from constructing a residential development, inclusive of a religious clubhouse, in the Township's North Dover neighborhood. (*See* Doc. No. 1). Plaintiff alleges that it intended to develop the property to provide housing for Orthodox Jewish families. (*See* Doc. No. 1 at p. 1). According

1

to the Complaint, on or about April 26, 2016, Defendant approved an ordinance, Ordinance No. 4508-16, which would acquire Plaintiff's real property through eminent domain. (*See* Doc. No. 1 at ¶ 29). Defendant sought to condemn the property, and, ultimately, on June 28, 2017, Defendant issued a Declaration of Taking as to the property. (*See* Doc. No. 1 at ¶¶ 38-45). Plaintiff asserts causes of action arising under the Fair Housing Act, 42 U.S.C. § 3604(a), (the "FHA"), the Fourteenth Amendment of the United States Constitution through 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc ("RLUIPA"), and tortious interference with a contract. (*See* Doc. No. 1).

Following an initial attempt to mediate the matter, the parties have been engaging in discovery for almost five (5) years, a process that has been beleaguered by numerous delays and additional attempts to pursue mediation. (*See* Doc. Nos. 21 (Pretrial Scheduling Order); 67 (Letter Order regarding delays in document discovery); 74 (referring matter to mediation); 80 (Stipulation and Order regarding coordination of discovery in this matter with other RLUIPA cases pending in the District Court against the Township)). On May 5, 2023, Plaintiff served Defendant with a Notice of Deposition pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 104-2). After Defendant served its designations and objections to the Notice, (*See* Doc. No. 104-4), Plaintiff served an Amended Notice of a Rule 30(b)(6) Deposition on July 18, 2023 (the "Amended Rule 30(b)(6) Deposition Notice"), amending only the dates of the deposition.[1] (Doc. No. 104-5).

On August 22 and 23, 2023, Plaintiff conducted the deposition of Defendant's designees. (*See* Doc. No. 104-1 at ¶ 8; *see also* Doc. Nos. 104-7, 104-8, 104-9). The deposition, in total,

---

[1] Plaintiff proffers that its counsel and counsel for Defendant "conducted numerous telephone calls to resolve the form of the Topics and designation of witnesses for the same." (Doc. No. 104-1 at ¶ 7). It appears those meet and confers did not result in any revised noticed topics, as the Amended Notice included the same topics as those identified in the original notice.

lasted nine (9) hours and eight (8) minutes on the record.  (Doc. No. 104-1 at ¶¶ 17-18).  The parties had previously agreed that Plaintiff would have fourteen (14) hours for the Rule 30(b)(6) deposition of Defendant.  (*See* Doc. No. 89).

Plaintiff, through the instant Motion, asks the Court to compel a continuation of Defendant's deposition because Defendant's designees were not sufficiently prepared on some of the topics listed in the Amended Rule 30(b)(6) Deposition Notice.  (*See* Doc. No. 104).  In its Motion, Plaintiff seeks further testimony as to the following topics:

(1)   Anti-Semitism in the Township;[2]
(2)   The role of Township Planner within the Township, and the Township Planner's meeting with Plaintiff's representative about its proposed project;
(3)   Which individuals authorized Township officials to move forward with the acquisition of the Subject Property by eminent domain;
(4)   Blockbusting and the Report on Real Estate Canvassing Activities in the Township of Toms River by Paul Shives and Ken Fitzsimmons;
(5)   The removal of private schools as a permitted use within the Rural Highway Business ("RHB") zoning district;
(6)   Contract negotiations, including redlined versions of the purchase and sale agreement, for the "Tajfel Property" located at 2373 Lakewood Road, Block 159, Lot 9.01;
(7)   Township legislation related to places of worship between 2009 and 2017;
(8)   The Township's Fair Housing Policy;
(9)   The Open Space Trust Fund;
(10)  Legislation, proposed legislation, policies, and practices related to Open Space in the Township; and
(11)  The bases for the Township's affirmative defenses[3].

---

[2]   In connection with the Motion to Compel, Plaintiff submitted a proposed Order, which does not include this topic.  (*See* Doc. No. 104-12).  However, Plaintiff's Brief in Support of the Motion appears to include this topic as one for which it seeks relief, although it did not organize this topic in the same fashion as the other topics.  (*See* Doc. No. 104-13 at pp. 2-3).  Nevertheless, Plaintiff, in its reply, contends that Defendant did not object to this topic in its opposition, making it evident that this topic is at issue.  (*See* Doc. No. 108 at p. 2).
[3]   In its Motion, Plaintiff appears to limit this topic to two affirmative defenses: mitigation of damages; and limitation of damages based on plaintiff's receipt of any sums from a collateral source.  (*See* Doc. No. 104-13 at p. 20).

(*See* Doc. No. 104). Plaintiff points out that some of these topics are not expressly stated in the Amended Rule 30(b)(6) Deposition Notice but "are subsumed within other Topics of the" Notice. (Doc. No. 104-13 at p. 1, n.1).

Plaintiff argues that Defendant's designee for the topic of anti-Semitism in the Township, Mitchell Little, the Police Chief, was not prepared to testify as to "general questions regarding anti-Semitism in the Township" other than instances of the police department's involvement. (*See* Doc. No. 104-13 at pp. 2-3; Doc. No. 104-9 at 22:10-23:25[4]). Plaintiff further contends that Defendant's designee, Mayor Maurice Hill, Jr., was similarly unprepared as to the other topics that are the subject of the Motion. (*See* Doc. No. 104-13 at pp. 3-20). Plaintiff also adds that, because it did not use the entirety of the agreed-upon fourteen (14) hours of deposition time, it is entitled to at least four (4) more hours to depose Defendant's designee(s). (Doc. No. 104-13 at pp. 20-21).

Defendant opposes Plaintiff's Motion. (Doc. No. 105). Defendant argues that the topics Plaintiff seeks to compel in the Motion were not properly noticed and many of the topics in the Amended Rule 30(b)(6) Deposition Notice are overbroad and vague, making it impracticable for a designee to fully prepare and testify as to the specific questions posed during the Rule 30(b)(6) Deposition. (*See* Doc. No. 105 at pp. 4-5). Defendant contends that Mayor Hill testified to the extent possible and consistent with the Township's obligations under Rule 30(b)(6). Defendant also points out that Plaintiff has noticed many other fact witnesses and can seek direct testimony from individuals as to some of the topics sought to be compelled in this Motion.

---

[4] Plaintiff attaches to its Motion an excerpt of the testimony of Mr. Little. (*See* Doc. No. 104-9). However, Plaintiff's excerpt omits some of the testimony upon which Plaintiff relies in its Brief. (*See* Doc. No. 104-9 at 23:24-25 (omitting full quote relied upon at Doc. No. 104-13 at p. 3)).

In reply, Plaintiff argues that, rather than requiring Plaintiff to seek additional fact witness testimony, Defendant should have prepared its designee by discussing the topics with individuals with greater knowledge and thus failed to meet its obligations under Rule 30(b)(6). (*See* Doc. No. 108 at pp. 5-6).

## II.   LEGAL STANDARD

A party may move to compel discovery, including depositions, pursuant to Rule 37 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 37(a). A party may complete or adjourn a deposition before making such a motion. Fed. R. Civ. P. 37(a)(3)(C). Nevertheless, the movant bears the initial burden of showing that the sought-after discovery is relevant. *See Caver v. City Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). The party objecting to discovery must explain and support their objections. *See Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

Generally, parties may seek discovery regarding any nonprivileged matter that is relevant to a party's claim or defense and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The information need not be admissible at the trial, *id.*, and whether information is relevant "depends on the facts of each case, and the determination of relevance is within the discretion of the Court." *Carchietta v. Russo*, No. 11-7587, 2014 WL 1789459, at *3 (D.N.J. May 6, 2014). Nevertheless, the Court "must limit the . . . extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). Discovery, though broad, "is not unlimited." *Burgess v. Galloway*, No. 20-6744, 2021 WL 2661290, at *2 (D.N.J. Jan. 28, 2021) (citation and internal quotation marks omitted).

A party may seek the testimony of discoverable matter from a governmental agency or entity through Rule 30(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 30(b)(6); *see also* Fed. R. Civ. P. 26(b)(1); *Sanofi-Aventis v. Sandoz, Inc.*, 272 F.R.D. 391, 393 (D.N.J. 2011) (recognizing that Rule 26(b) governs the scope of testimony from a Rule 30(b)(6) deposition). The noticing party "must describe with reasonable particularity the matters for examination" and the "named organization must designate" an individual to testify on its behalf. Fed. R. Civ. P. 30(b)(6). Rule 30(b)(6) further requires the parties to "confer in good faith about the matters for examination" and the designee(s) "must testify about information known or reasonably available to the organization." *Id.* The organization is then bound by the testimony of the designee. *See Sanofi-Aventis*, 272 F.R.D. at 393 (citing *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007)).

To state a topic with "reasonable particularity" means providing "the level of specificity required to identify the outer limits of inquiry." *Occidental Chem. Corp. v. 21st Century Fox Am., Inc.*, No. 18-11273, 2022 WL 3369661, at *7 (D.N.Y. Aug. 16, 2022) (Special Master Order). Some courts have recognized that this may require topics be stated "with 'painstaking' specificity." *British Telecommunications PLC v. IAC/Interactivecorp*, No. 18-366, 2020 WL 1043974, at *2 (D. Del. Mar. 4, 2020). Simply, the noticing party must provide sufficient detail to permit the responding party to prepare a designee. *See Fifth Third Bank v. Westwood Zamias Ltd. P'Ship*, Civ. No. 18-143, 2019 WL 1383713, at *2 (W.D. Pa. Feb. 6, 2019) (finding Rule 30(b)(6) notice with a topic that sought examination of the allegations of the complaint and all relevant matters to be overly broad because it provided "no clear limitations to assist [the responding party] in preparing its designee").

Once the noticing party identifies the topics with "reasonable particularity," the organization then must prepare its designee(s) "so he or she can answer the questions posed fully and accurately." *New Jersey Dep't of Environmental Protection v. Am. Thermoplastics Corp.*, No. 98-4781, 2017 WL 498710, at *2 (D.N.J. Feb. 7, 2017) (citations omitted). Such preparation extends to all topics either known or reasonably available to the organization. *See Yerkes*, 2019 WL 12056384, at *2. This can include information within the custody, possession, or control of the organization through documents, employees, or other sources. *See id.* at *3.

Producing an unprepared designee "is tantamount to a failure to appear[.]" *Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000) (internal quotation marks and citation omitted). However, an organization can still meet its obligation to prepare a witness even if its "designee cannot answer every question posed at the deposition." *Costa v. County of Burlington*, 254 F.R.D. 187, 190 (D.N.J. 2008). This is because "Rule 30(b)(6) does not require perfection[.]" *Private Solutions, Inc. v. SCMC, LLC*, No. 15-3241, 2016 WL 8732078, at *5 (D.N.J. May 20, 2016). Some "questions may seek details so minute that a witness could not reasonably be expected to answer them." *See State Farm Mut. Auto. Ins. Co. v. New Horizont. Inc.*, 250 F.R.D. 203, 216 (E.D. Pa. 2008). "In reviewing the sufficiency of the testimony of a Rule 30(b)(6) deponent, the Court examines both the substance of the testimony and the preparation undertaken by the witness." *Private Solutions*, 2016 WL 8732078, at *4. Ultimately, "if a Rule 30(b)(6) witness is asked a question concerning a subject that was noticed with particularity, is seeking information that is reasonably available to the corporation, and is not unreasonably obscure, and the witness is unprepared to answer the question, the purpose of the deposition is completely undermined." *State Farm*, 250 F.R.D. at 216.

The resolution of the instant dispute lies within the Court's sound discretion. *See Forrest v. Corzine*, 757 F. Supp. 2d 473, 477 (D.N.J. 2010) ("Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances.").

## III.   DISCUSSION

The Court has considered the submissions of the parties as well as the relevant transcripts and addresses each topic sought by Plaintiff.

*Anti-Semitism in the Township.* Plaintiff identified this in Topic Number Twenty-Three (23) of the Amended Rule 30(b)(6) Deposition Notice, and Defendant identified the Police Chief, Mitchell Little, as its designee on this topic. (*See* Doc. No. 104-4; Doc. No. 104-5). In the Motion, Plaintiff points out that the designee testified as to the police department's familiarity with any anti-Semitism in the Township as opposed to the Township's familiarity. While Defendant does not directly address this topic in its opposition, it is not clear whether Defendant failed to address it because Plaintiff's initial motion papers were opaque as to whether it sought relief as to that topic. Nevertheless, Defendant objects to Plaintiff's overall request for relief for a continued deposition on the basis that Defendant's designees were not sufficiently responsive. Accordingly, the Court considers this topic as in dispute. While Plaintiff points out that the designee expressed discomfort attributing the police department's knowledge of the topic to the Township, it is unclear exactly what Plaintiff sought to encompass by such a broadly worded deposition topic. While Defendant has an obligation to produce a prepared designee, Plaintiff bore the initial burden of noticing a topic with particularity. This topic was not noticed with particularity and, thus, the Court cannot justify a finding that Defendant offered an unprepared designee that "is tantamount to a failure to appear." *Black Horse*, 228 F.3d at 304. Accordingly, the Court DENIES Plaintiff's Motion to Compel further testimony as to this topic.

8

*The Role of the Township Planner Within the Township and the Township Planner's Meeting with Plaintiff's Representative About its Proposed Project.* This topic was not specifically referenced in its Amended Rule 30(b)(6) Deposition Notice. (*See* Doc. No. 104-5). Plaintiff argues that this topic is "subsumed" in Topic Number Four (4) of the Notice, which sought: "The Township's knowledge of Plaintiff's proposed use of the Subject Property." (Doc. No. 104-13 at p. 1, n.1; *see also* 104-5 at p. 4). In opposing the Motion as to this topic, Defendant argues that the specific questions posed to its designee related to the contents of a conversation between a representative of Plaintiff and the Township's Head of Land Use and Planning. Defendant proffers such information is not reasonably available to its designee and is readily available to Plaintiff. Defendant adds that its designee did address questions related to the role of the Township Planner and confirmed that such conversation took place. As to this topic, the Court finds that Plaintiff did not provide reasonable particularity as to this topic in the Amended Rule 30(b)(6) Deposition Notice such that Defendant's designee could have prepared to respond to the specific questions posed during the deposition. Indeed, with the broad language of the Topics identified in the Amended Rule 30(b)(6) Deposition Notice, Defendants would have had to guess that such a detailed question would be posed as to the contents of a conversation between a representative of Plaintiff and a Township employee. *See State Farm*, 250 F.R.D. at 216. Accordingly, the Court DENIES Plaintiff's Motion to Compel as to this topic.

*Which Individuals Authorized the Township Officials to Move Forward with the Acquisition of the Subject Property by Eminent Domain.* This topic appears to also be "subsumed" within Topic Number Thirteen (13) of the Amended Rule 30(b)(6) Deposition

Notice, which enquires into the Township's efforts to acquire property through eminent domain.[5] (Doc. No. 104-5 at p. 6). Plaintiff takes issue with Defendant's designee's testimony that he did not remember how a Township representative came to learn that he was authorized to acquire the property at issue through eminent domain. (*See* Doc. No. 104-13 at pp. 5-6). Defendant counters that the questions posed during the deposition sought the representative's personal understanding of his authority, rather than a question as to the Township's understanding as to who approved the acquisition. (*See* Doc. No. 105 at p. 5). The Court agrees with Defendant on this topic. The questions posed did not elicit a lack of understanding as to the Township's knowledge of the individuals involved, but rather the complained of testimony specifically asked for an individual's understanding of his authority and if he received that understanding from someone else. Accordingly, the Court DENIES Plaintiff's Motion to Compel as to this topic.

*Blockbusting and the "Report on Real Estate Canvassing Activities in the Township of Toms River" by Paul Shives and Ken Fitzsimmons.* This topic appears to relate to Topics Eleven (11) and Twelve (12) of the Amended Rule 30(b)(6) Deposition Notice, although Plaintiff did not specifically reference the "Report on Real Estate Canvassing" in the Notice. (*See* Doc. No. 104-5 at pp. 5-6). In the instant Motion, Plaintiff complains that Defendant's designee testified that he did not "know everything that is in the document" and that the author, Mr. Shives, would be a better person to testify as to the Report. Defendant opposes the Motion on this topic, contending that, while the designee could not testify to everything in the Report, the designee was prepared to discuss the Township's involvement in the contents of the Report. However, Plaintiff did not ask such questions. Here, Plaintiff did not specifically articulate that it would

---

[5] Notably, it appears Defendant identified Paul Shives as the designee to respond to this noticed Topic. (*See* Doc. No. 104-4). Yet, the parties discuss in their briefing that Mayor Hill testified as to this Topic. Presumptively, Defendant's designee changed during the parties' meet and confers.

pose questions as to this Report and the designee's testimony that he could not speak to each item in the Report does not run afoul of Rule 30(b)(6)'s obligations on a responding party. Accordingly, the Court DENIES Plaintiff's Motion to Compel as to this topic.

*The Removal of Private Schools as a Permitted Use Within the RHB Zoning District and Contract Negotiations, Including Redlined Versions of the Purchase and Sale Agreement, for the "Tajfel Property" Located at 2373 Lakewood Road, Block 159, Lot 9.01.* These two topics seem to arise out of Topic Number Fifteen (15) of the Amended Rule 30(b)(6) Deposition Notice. (*See* Doc. No. 104-5 at p. 6). During the deposition, Plaintiff questioned the designee about the extent of Defendant's knowledge of these religious schools. (*See* Doc. No. 104-8 at 94:9-16, 98:2-25, 99:8-104:5; Doc. No. 104-13 at pp. 8-11). Defendant's designee was able to testify generally as to the questions posed but could not confirm whether there was a physical appraisal within the possession of the Township. According to Defendant, "the Township did not retain a copy of the appraisal itself." (Doc. No. 105 at p. 7). Defendant argues that the designee testified as to what was within the Township's knowledge on these topics and Plaintiff failed to identify specifically in the Deposition Notice that it would seek testimony as to the appraisal or specific agreements or contracts, other than the acquisition generally. Considering the testimony submitted in connection with the Motion, Defendant's designee was adequately prepared on this topic and addressed the questions posed based on knowledge reasonably within the possession of the Township. That he could not answer every question is not tantamount to a failure to appear. Accordingly, the Court DENIES Plaintiff's Motion to Compel as to this topic.

*Township Legislation Related to Places of Worship Between 2009 and 2017.* Neither this topic nor time period was specifically identified in the Amended Rule 30(b)(6) Deposition Notice. Rather, Topic Number Twenty (20) requested "[z]oning and land use ordinances and

regulations related to churches and places of worship in the Township." (Doc. No. 104-5 at p. 6). Plaintiff seeks an additional Rule 30(b)(6) deposition on this topic because Defendant's designee could not specifically recall a March 2009 ordinance regarding houses of worship in residential zoning districts and other rural residential districts. (Doc. No. 104-13 at p. 12). Plaintiff further complains that the designee only generally responded to the reason for the passing of an ordinance in June 2014. (Doc. No. 104-13 at pp. 12-13). Defendants oppose this topic as being overly broad and pointing out that its designee answered the questions based on the Township's knowledge regarding the 2014 ordinance. As to this topic, Plaintiff appears to want to re-write its Topics identified in the Amended Rule 30(b)(6) Deposition Notice. Plaintiff did not specify these ordinances or even any time frame in its Notice; rather, Plaintiff used broad and undefined language. Defendant cannot be faulted for not having the foresight to predict that Plaintiff would ask about ordinances going back to 2009, well before the events at issue in this action. Accordingly, the Court DENIES Plaintiff's Motion to Compel as to this topic.

*The Township's Fair Housing Policy.* Plaintiff noticed this in its Amended Rule 30(b)(6) Deposition Notice through Topic Number Six (6). (*See* Doc. No. 104-5). Defendant objected to the Topic to the extent it called for privileged information. (*See* Doc. No. 104-4). In its Motion, Plaintiff contends Defendant's designee could not answer questions as to the specifics of the policy or how the Township ensures compliance with the policy. Plaintiff offers that it would withdraw its request for further deposition on this topic if Defendant produces "a written copy of its Fair Housing Policy or stipulate that no such policy exists." (Doc. No. 104-13 at p. 14). In opposing the request, Defendant contends the topic is so broad that it is impossible for one individual to testify to all parameters of the FHA policy. (Doc. No. 105 at p. 10). Defendant points out that the policy is not derived from one document, but rather "are the offspring of

bodies of law and policy statewide." (Doc. No. 105 at p. 11). It further adds that it had made available and identified someone who could answer some of Plaintiff's questions as to the Township's FHA policy. Notably, through the excerpted testimony provided, it appears that counsel for Defendant put on the record that Defendant would designate someone else "to testify regarding the Township's FHA policy." (*See* Doc. No. 104-7 at 54:12-18). Considering that Defendant has identified someone else to testify on this topic and it is unclear as to whether any written policy exists, the Court directs the parties to meet and confer as to whether any stipulations or production would alleviate the need for further deposition. Accordingly, the Court DENIES without prejudice Plaintiff's Motion as to this topic.

*The Open Space Trust Fund.* Plaintiff noticed this topic in Topic Number Sixteen (16) of the Amended Rule 30(b)(6) Deposition Notice. (*See* Doc. No. 104-5). In the Motion to Compel, Plaintiff seeks further deposition testimony from Defendant on this topic because Defendant's designee did not answer a question that sought the basis for Defendant's denial of an allegation regarding open space in the Complaint. (*See* Doc. No. 104-13 at p. 16). Yet, the designee was able to testify otherwise as to the Township's Open Space Trust Fund. That the designee did not answer a specific question about the parties' pleadings, which may have called for privileged information, is insufficient to find that the designee was not adequately prepared for the topic. Accordingly, the Court DENIES Plaintiff's Motion as to this topic.

*Legislation, Proposed Legislation, Policies, and Practices Related to Open Space in the Township.* Plaintiff identified the Topic of "legislation[] and proposed legislation related to open space in the Township" in Topic Number Eighteen (18) of the Amended Rule 30(b)(6) Deposition Notice. (*See* Doc. No. 104-5). Defendant originally objected to this request as overbroad and vague and noting that, as drafted, the topic did not permit it to designate an

appropriate designee. (*See* Doc. No. 104-4 at p. 2). In the instant Motion, Plaintiff relies on testimony from Defendant's designee that he could not respond to broad questions, such as a request to "identify all legislation that has been passed by the township relating to open space[.]" (Doc. No. 104-8 at 125:8-126:15). Plaintiff adds that it would withdraw this request if Defendant stipulates "that the Township has no legislation, policies or practices with respect to Open Space (other than its Master Plan)[.]" (Doc. No. 104-13 at p. 19). A Rule 30(b)(6) deposition is not a memory test. *See Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 137, 143 (D.D.C. 1998) ("Deponents under Rule 30(b)(6) must be prepared and knowledgeable, but they need not be subjected to a 'memory contest.'" (citation omitted)). The fact that Defendant's designee could not answer such broad questions does not warrant further testimony on these topics. Accordingly, the Court DENIES Plaintiff's Motion as to this topic.

*The Bases for the Township's Affirmative Defenses.* Plaintiff noticed this topic in Topic Number Forty-Two (42) in the Amended Rule 30(b)(6) Deposition Notice.[6] (*See* Doc. No. 104-5). Defendant objected to the Topic as calling for privileged information. (*See* Doc. No. 104-4 at p.3). In the Motion, Plaintiff relies on testimony in which Defendant's designee testified that he would rely upon counsel and could not provide legal interpretation to the affirmative defenses upon being asked to state the basis for Defendant's affirmative defense that Plaintiff's claims are "barred by the applicable statute of limitations." (*See* Doc. No. 104-13 at pp. 19-20). Notably, during the deposition, Defendant's counsel objected to the question on the bases that the question called for legal conclusions and privileged information. (*See* Doc. No. 104-13 at pp. 19-20). In the Motion, Plaintiff offers to "streamline this issue," such that it seeks further testimony only as to Defendant's Fourth and Fifth Affirmative Defenses, which relate to Plaintiff's failure to

---

[6] Defendant asserts six (6) affirmative defenses in its Answer. (*See* Doc. No. 12).

mitigate its damages and a limitation on Plaintiff's damages based on any other collateral sources received. (*See* Doc. No. 104-13 at p. 20). In opposing the Motion, Defendant points out that Plaintiff never asked about these two (2) defenses during the deposition and, in any event, such questions are improper as to seeking legal conclusions. (*See* Doc. No. 105 at pp. 13-14). Indeed, had Plaintiff's counsel asked Defendant's designee questions about Plaintiff's claims for damages or if the Township was aware of collateral sources Plaintiff received, and the designee could not answer those questions, then the Court would be able to determine if the designee was appropriately prepared. *See Fifth Third Bank*, 2019 WL 1383713, at *2 (finding Rule 30(b)(6) notice with a topic that sought examination of the allegations of the complaint and all relevant matters to be overly broad because it provided "no clear limitations to assist [the responding party] in preparing its designee"). Rather, the topic as drafted and the actual questions posed amounted to seeking Defendant's legal theories, not Defendant's factual knowledge. *See JPMorgan Chase Bank v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, 363 (S.D.N.Y. 2002) (precluding 30(b)(6) topic that "is really requesting defendants' mental impressions, conclusions, opinions, and legal theory"); *Am. Nat'l Red Cross v. Travelers Indem. Co. of Rhode Island*, 896 F. Supp. 8, 14 (D.D.C. 1995) ("When ARC's counsel requested [the designee] a description of the 'facts and documents which Travelers contends support' each affirmative defense, ARC's counsel was asking questions that intruded upon protected work product[.]"); *see also State Farm*, 250 F.R.D. at 216 ("[A] question seeking the 'reasons State Farm believes each and all bills are fraudulent' likely seeks counsel's 'legal theories,' and thus is improper. In contrast, a question seeking the 'reasons State Farm believes that each patient did not receive all treatment billed for and noticed in the records' is likely proper, as it seeks only facts reasonably available to State Farm, and not counsel's mental impressions." (footnote omitted)). Here, the record

presented does not support a finding that Defendant did not satisfy its obligations to prepare its designee because the designee could not answer every question posed to him, particularly those appearing to call for legal conclusions and information protected by the attorney work product and/or attorney-client privilege.  *See Costa*, 254 F.R.D. at 190 (recognizing that a designee's failure to answer every question does not necessarily mean that a party failed to adequately prepare that designee).  Accordingly, the Court DENIES Plaintiff's Motion as to this topic.

## IV.   CONCLUSION

Ultimately, Defendant's designees' failure to respond to all questions posed by Plaintiff, particularly in the context of broad and undefined topics and open-ended questions, in this context, does not amount to a failure to appear.  Rule 30(b)(6) is not intended to be a game of "gotcha" or memory, but rather a tool to commit an entity to testify as to reasonably available information.  A designee cannot be fully prepared if a topic is broadly worded, vague, and lacks specificity.  Had the parties discussed more fully the noticed topics before the deposition, then this Motion may have been avoided.

For the reasons set forth above, and for good cause shown,

**IT IS, THEREFORE**, on this **31st** day of **May 2024** hereby

**ORDERED** that Plaintiff's Motion to Compel Continuation of Defendant's 30(b)(6) Deposition, (Doc. No. 104), is hereby **DENIED**; and it is further,

**ORDERED** that the Clerk of Court is hereby directed to **TERMINATE** the Motion

pending at Docket Entry No. 104.

   **SO ORDERED.**

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE

17